UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA

Plaintiff,

v.

JOHN LESTER GROSS JR.,

Defendant.

NO. CR. S-10-304 FCD

ORDER

----oo0oo----

Defendant moves to dismiss his indictment for knowingly and intentionally manufacturing marijuana plants pursuant to the Speedy Trial Act ("STA"). 18[1] U.S.C. § 3162 *et seq*. More specifically, defendant contends that the government failed to transport him to the location of his examination for determination of competency to stand trial within the time limit set forth in the STA. On May 9, 2011, the court committed defendant to the custody of the Attorney General for a mental

---

[1] All further statutory references will be to Title 18 of the United States Code.

competency evaluation pursuant to 18 U.S.C § 4241(d).  (Order for Competency Evaluation, filed May 09, 2011, [Docket #83].)  As of August 11, 2011, 94 days after the court issued its order for a competency examination, Mr. Gross remained in the Sacramento County Jail.  According to the government, the delay occurred because a bed was not available for defendant at the federal medical center in Butner, North Carolina.[2]  (Government's Opp'n to Mot. to Dismiss, filed Sept. 06, 2011, [Docket #93], at 6:9-19.)  On September 12, 2011, the court heard oral argument on this motion.  For the reasons set forth below, defendant's motion is DENIED.

**ANALYSIS**

Defendant contends that, by failing to transport him to the location of his mental competency examination within the time allotted by the STA, including excludable time for transportation under § 3161(h)(1)(F), the government violated 18 U.S.C. § 3161(c)(1).  Plaintiff maintains that the appropriate remedy for the alleged violation is dismissal of the indictment with prejudice.  18 U.S.C. § 3162(a)(2).  The government asserts that defendant has applied the incorrect exclusionary section of the STA.  More specifically, the government contends that the defendant improperly applies the subsection broadly covering exclusion of time for transportation in general, which has a specific limitation on excludable time, instead of the correct subsection relating specifically to mental competency

---

[2] Counsel for the Government, during oral argument, informed the court that there were no beds available at other federal mental health facilities as well.

2

proceedings, which contains no similar limitation on excludable time.

The trial of a defendant charged by indictment must commence within 70 days of arraignment. 18 U.S.C. § 3161(c)(1). However, various provisions of the STA exclude certain delays in calculating the 70 day period to account for specified pretrial procedures. 18 U.S.C. § 3161(h). Two of those provisions are particularly relevant for purposes of this motion. First, 18 U.S.C. § 3161(h)(1)(F) broadly excludes time resulting from transportation of defendant; however, "any time consumed in excess of ten days . . . shall be presumed unreasonable." Second, 18 U.S.C. § 3161(h)(1)(A) excludes "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."

Whether the STA was violated in this case depends on whether § 1361(h)(1)(A) or § 1361(h)(1)(F) applies to the 94 days that have elapsed since the date of the order and defendant's motion to dismiss. If § 3161(h)(1)(F) is applicable, ten days for transportation would be excluded, but the remaining 84 days would not be. The remaining 84 days would violate the seventy-day speedy trial limit. However, if § 3161(h)(1)(A) controls, the court would exclude the entire 94 days based on the authority discussed below.

In United States v. Vasquez, 918 F.2d 329 (2d Cir. 1991), a case factually similar to this one, the court held that exclusion of time for mental competency hearings is governed exclusively by § 3161(h)(1)(a), *not* § 3161(h)(1)(F). In Vasquez, the district court ordered defendant transported to a federal medical facility

3

for psychiatric examination; however, the United States Marshall's Office never received the order. Id. at 331. Four months passed before the court learned that defendant had not been transferred. Id. The court signed a second order, but another four months passed before defendant finally arrived at the examination facility. Id,

The court acknowledged the "serious institutional error in this case." Id. at 333. Moreover, the court noted that, in normal circumstances, such a delay would be governed by the transportation exclusion in § 3161(h)(1)(F), which would not have excluded the lengthy delay in this case. Id. However, the court held that the entire delay was excludable under § 3161(a)(1)(A) because "delays arising from mental competency examinations and pretrial motions are excludable from the running of the speedy trial clock, without any inquiry into the reasonable ness of the delay." Id. In reaching this conclusion, the court relied predominantly on the United State Supreme Court's decision in Henderson v. United States, 476 U.S. 321, 330 (1985), which held that, under a different but similar subsection of the STA, "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'"

The position articulated in Vasquez has been accepted by courts across the nation, including courts sitting in the Ninth Circuit.[3]  See e.g., United States v. Yazzie, 2006 WL 2772636

---

[3] The court notes that the Ninth Circuit, in United States v. Tewid, 86 Fed.Appx 224 (9th Cir. 2003), also relying on
(continued...)

4

1  (D.Ariz, 2006) (citing <u>Vasquez</u> in concluding that only
2  § 3161(h)(1)(A), not § 3161(h)(1)(F) applies to proceedings to
3  determine mental competency); <u>United States v. McGhee</u>, 532 F.3d
4  733 (8th Cir. 2008) (applying <u>Vasquez</u> to hold that *any* delay,
5  including delays between competency examination order and
6  transportation to examination facility, are excludable under §
7  3161(h)(1)(A), regardless of reasonableness); <u>United States v.
8  Bell</u>, 2007 WL 1087355 (N.D.Ga 2007) (citing <u>Vazquez</u> in concluding
9  that all delay between time of order for competency examination
10 to transportation to examination facility is excludable under §
11 3161(h)(1)(A) without regard to reasonableness; <u>United States v.
12 Bauman</u>, 2008 WL 5111135 (D.Kan. 2008) (same); <u>Wells v. U.S.</u>, 2010
13 WL 363339 *5 n.4 (same).

14     The court finds the decision in <u>Yazzie</u> particularly
15 persuasive given the factual similarities.  In <u>Yazzie</u>, 101 days
16 elapsed between the courts mental competency order and
17 defendant's arrival at the medical facility for examination.
18 <u>Yazzie</u>, 2006 WL 2772636 at *1.  As is the case here, defendant
19 was in pretial detention during the entirety of the delay.  <u>Id.</u>

---

[3](...continued)
<u>Henderson</u>, upheld the district court's denial of a motion to dismiss an indictment under the STA for identical reasons.  In <u>Tewid</u>, as is the case here, defendant claimed that there was time after the court's order of a competency examination that "should not have been excluded because there was a transportation delay in excess of that permitted under 18 U.S.C. § 1361(h)(1)(6)"  <u>Id.</u>  The Ninth Circuit held that "regardless of the merits of that issue, the time in question was still excludable because it was separately attributable to a delay pertaining to proceedings associated with determining the mental competency of the defendant and resolving motions pertaining thereto."  <u>Id.</u>  The court does not cite this case as binding authority as it was not selected for publication in the Federal Reporter.

5

1 The court stated:

> The Court holds that this case is governed by § 3161(h)(1)(A), not § 3161(h)(1)(H). The relevant Ninth Circuit decisions, [<u>United States v. Antoine</u>, 906 F.2d 1379 (9th Cir.1990) and <u>United States v. Taylor</u>, 821 F.2d 1377 (9th Cir.1987), <u>rev'd on other grounds</u>, 487 U.S. 326 (1987) ], both involved delays in the actual transport of defendants and therefore clearly came within § 3161(h)(1)(H). This case involved Defendant's detention in Arizona for 101 days before the Marshal's Office received the order to transport him to FMC-Springfield. The delay did not occur during transport. Thus, although the delay was a most serious clerical error and plainly regrettable, it was not a delay "resulting from transportation" as required by § 3161(h)(1)(H). Rather, it was a "delay resulting from any proceeding, including any examination, to determine the mental competency or physical capacity of the defendant" as required by § 3161(h)(1)(A).
>
> The legislative history behind § 3161(h)(1)(H) supports this conclusion. The ten-day transportation rule grew out of a Congressional desire that marshals not delay the transport of prisoners for economic reasons, such as waiting for more prisoners to be assembled before incurring the cost of moving them. See <u>Taylor</u>, 821 F.2d at 1384, n. 10. The provision was aimed at marshals and the actual process of transportation, not clerical errors that occur during competency proceedings.

<u>Id.</u> at *5.  Similarly, in this case, the delays did not involve the actual transportation of defendant.  Rather, this case involves defendant's detention in Sacramento County Jail while awaiting an examination to determine mental competency pursuant to court order.  (<u>See</u> Def.'s Mot. to Dismiss, filed Aug. 11, 2011, [Docket #90],)  Thus, "[t]he court holds that this case is governed by § 3161(h)(1)(A), not § 3161(h)(1)(H)" because this case involves a proceeding to determine defendant's mental competency.  <u>Id.</u>; <u>see</u> <u>also</u> <u>McGhee</u>, 532 F.3d at 737 (holding that *all* time is excludable under the STA for *any proceeding* to determine mental or physical competency.)

Defendant does not dispute that all time is excludable under

1  § 3161(h)(1)(A) for mental competency examinations, regardless of
2  reasonableness.  Rather, defendant claims that Vasquez was
3  improperly decided and the court should apply the ten day
4  reasonableness limitation for transportation set forth in
5  § 3161(h)(1)(F).  In support of this position, defense counsel,
6  at the hearing on this motion, directed the court to two circuit
7  court opinions which applied § 3161(h)(1)(F)[4] to orders for a
8  mental competency evaluation: United States v. Noone, 913 F.2d 20
9  (1st Cir. 1990) and United States v. Castle, 906 F.2d 134 (5th
10 Cir. 1990).

11      Not only does the court find the Vasquez line of cases
12 persuasive, but the court also finds that both Noone and Castle
13 are inapposite.  First, both cases were decided prior to Vasquez,
14 and thus, did not have the opportunity to consider the Vasquez
15 analysis in applying § 3161(h)(1)(F) to competency proceedings.
16 Second, the court in both cases failed to consider the United
17 States Supreme Court decision in Henderson, which, as set forth
18 above, was the principal factor in the Vasquez court's conclusion
19 that only § 1361(h)(1)(A), not § 1361(h)(1)(F) apply to delays in
20 competency proceedings.  See Vasquez, 918 F.2d at 333.  Finally,
21 and most importantly, neither Noone nor Castle provide any
22 substantive discussion of whether it is appropriate to apply §
23 1361(H)(1)(f) in the context competency proceedings.  Instead,
24 these cases more broadly discuss what constitutes an unreasonable
25 delay in transportation under 18 U.S.C. § 1361(h)(1)(F).

26 ─────────────────────
27      [4]  At the time these cases were decided, the provision now
   contained in Section 3161(h)(1)(F) was found in Section
28 3161(h)(1)(H).

1    The court, as set forth above, finds the reasoning in
2 Vasquez and Yazzie to be sound.  Since this delay resulted from a
3 competency proceeding, the time is excludable pursuant to
4 § 3161(h)(1)(A), whether or not that delay was reasonable.
5 Vasquez, 915 F.2d at 333.  Thus, the court finds that the STA has
6 not been violated and the motion to dismiss is therefore DENIED.
7    Even if § 3161(h)(1)(F) does apply in the context of
8 competency proceedings, and thus, any delay greater than 10 days
9 is presumed unreasonable, the court finds that the delay in this
10 case was reasonable.  Defendant, during the hearing, directed the
11 court to case law holding that the government cannot rebut the
12 presumption of unreasonableness under § 3161(h)(1)(F) by a mere
13 showing of diligence, nor by demonstrating that the delay was
14 caused by budgetary concerns or inconvenience to the United
15 States marshalls.  Castle, 906 F.2d 137-139.  While diligence and
16 budgetary concern may not be legitimate reasons for delay,
17 defendant cites to no authority stating that complete
18 impracticality is not a valid reason for delay under §
19 1361(h)(1)(F).  In this case, Bruce Clark, the local operations
20 supervisor for the United States Marshals Service, provided in
21 his declaration that there were no beds available for defendant
22 at the Medical Facility he was assigned to.  There is no evidence
23 that the Marshalls intentionally delayed transportation for
24 budgetary purposes as was the case in Castle; instead, the delay
25 was a mere result of impracticality — that is, lack of bed space.
26 Thus, the court finds that even if there was a non-excludable
27 delay, that delay was reasonable given the circumstances.
28    Finally, even if, as defendant contends, the delay in this

case is both non-excludable *and* unreasonable, there is an independent basis for exclusion under the STA. Specifically, 18 U.S.C. § 3161(h)(6) provides that "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded. In this case, defendant is joined with several codefendants, none of whom have filed a motion for severance.[5] Thus, this case falls under the exclusion set forth in § 3161(h)(6). Moreover, an exclusion under § 3161(h)(6) is reasonable in this instance as it will insure a joint trial of all codefendants implicated in the pending counts of conspiracy to manufacture marijuana and intentionally manufacturing marijuana. Codefendants in this case are currently preparing for trial and the first round of pre-trial motions is set for November. Therefore, the time is excludable pursuant to 18 U.S.C. § 3161(h)(6)

**CONCLUSION**

Defendant's motion to dismiss the indictment pursuant to the Speedy Trial Act is DENIED.

IT IS SO ORDERED.

DATED: September 14, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] During the hearing, defense counsel asserted that, in this case, there has been a "de facto severance," and thus, § 3161(h)(6) should not apply. The court, however, is unaware of any doctrine of de facto severance, and defense counsel has provided no legal support for such a theory. Thus, the court finds defendant's theory unavailing.